■ ALICE M. KIERNAN, as Limited Administratrix of the Estate of CLAUDE G. PACKARD, Deceased, Respondent-Appellant, v RICHARD P. HENDRICK et al., Appellants-Respondents, and LINSEY LIPSCOMB et al., Respondents.—Main, J. Cross

appeals (1) from an order of the Supreme Court at Special Term (Cholakis, J.), entered November 20, 1984 in Albany County, which, *inter alia*, denied the motion of defendants Richard P. Hendrick and Karen A. Hendrick for summary judgment and granted the motion of defendants Linsey Lipscomb and Greyhound Lines, Inc., for summary judgment, and (2) from the judgment entered thereon.

At about 10:00 A.M., on September 27, 1982, defendant Linsey Lipscomb was operating a bus owned by defendant Greyhound Lines, Inc. (Greyhound), in a northerly direction on Interstate Route 787 in the City of Albany. At the same time, defendant Karen A. Hendrick was operating an automobile owned by her father in a northerly direction on the same highway. In the area where the accident occurred, Interstate Route 787 runs generally north and south with three lanes for travel in each direction. As the two vehicles proceeded northward, the Greyhound bus occupied the center lane and the Hendrick vehicle was in the left or westerly lane, and the front bumper of the Hendrick car was approximately in line with the rear bumper of the bus. Traffic was moderate, with vehicles traveling in each lane. At a point on the highway just north of the Rensselaer exit, Lipscomb observed Claude G. Packard some 50 to 100 yards to the north. He was standing off the pavement on the east side of the highway facing west with his arms extended. Lipscomb, who was traveling at approximately 45 to 50 miles per hour, did not brake or sound his horn, but continued on until he was a few yards from Packard, at which time Packard began running in a westerly direction across the highway. Lipscomb swerved the bus toward his right, barely missing Packard. Meanwhile, Karen Hendrick, who up until this moment had been unable to see Packard because the bus had been blocking her view, was suddenly confronted by Packard entering her lane a few feet ahead of her and directly in her path. She immediately applied the brakes but was unable to avoid striking Packard, who died eight days later as a result of the injuries he received. This action was commenced against the operators and owners of the bus and automobile. On July 5, 1984, after answers and bills of particulars were served and examinations before trial were held, all defendants moved for summary judgment and dismissal of the complaint. Special Term granted summary judgment in favor of Lipscomb and Greyhound but denied this relief to the Hendricks, thus giving rise to these appeals by plaintiff and the Hendricks.

We first address the denial of the Hendricks' motion. Al-

though well aware that the grant of summary judgment continues to be a rare event in negligence cases and that "[t]he very question of whether the defendant's conduct amounts to 'negligence' is inherently a question for the fact-trier in all but the most egregious instances" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:8, p 430), we find that the uncontested factual pattern demonstrated at bar presents just such an instance. There is not a particle of evidence to indicate that Karen Hendrick was operating her father's car in other than a prudent and reasonable manner under all of the circumstances prevailing. Vehicle and Traffic Law § 1229-a prohibits pedestrians from crossing or even entering interstate highways or their entrances or exits, and there was nothing to indicate to Karen Hendrick that a pedestrian was likely to be in or even near the highway. It is uncontested that she never had the opportunity to see Packard until an instant before her car struck him. To suggest that her driving to the left of the bus and slightly behind it presents a question as to the reasonableness of her conduct is nothing more than an attempt "to ferret out speculative issues 'to get the case to the jury' " *(Andre v Pomeroy,* 35 NY2d 361, 364). Any fair appraisal of the record reveals that Karen Hendrick was free of any actionable negligence as a matter of law and that there is no genuine issue requiring trial.

Turning to the grant of summary judgment to Lipscomb and Greyhound, we reach a contrary result and would reverse the same and reinstate the complaint. Lipscomb testified at the examination before trial that he saw Packard when he was 50 to 100 yards up the road. He also testified that he was aware that the operator of the vehicle on his left, Karen Hendrick, could not see Packard. Nonetheless, he failed to sound his horn or give any other signal but continued on without braking the bus until he was only a few yards from Packard, at which time he swerved to his right and barely avoided hitting him. Lipscomb, unlike Karen Hendrick, had an opportunity to act, and from his testimony there arises an obvious issue, i.e., did he fail to do what the reasonably prudent person would have done or not done in light of the existing circumstances. Should he have given a signal of some kind? Should he have slowed his vehicle? In all but the most extraordinary instances, whether a defendant has conformed to the standard of conduct required by law is a question of fact *(Sadowski v Long Is. R. R. Co.,* 292 NY 448, 455; *see,* Restatement [Second] of Torts § 328B [b] [1965]; Prosser and

Keeton, Torts § 37, at 237-238 [5th ed]). Since this instance is neither extraordinary nor egregious and one or more genuine issues are presented, summary disposition is inappropriate.

Lastly, plaintiff's contention that the motions were prematurely made is without merit.

Order and judgment reversed, on the law, with costs; motion of defendants Linsey Lipscomb and Greyhound Lines, Inc., denied, motion of defendants Richard P. Hendrick and Karen A. Hendrick granted and the complaint is dismissed against said defendants. Main, Casey and Levine, JJ., concur.

Kane, J. P., and Weiss, J., dissent in part and concur in part in the following memorandum by Kane, J. P. Kane, J. P. (dissenting in part and concurring in part). While we agree with the majority that summary judgment should have been granted to the Hendricks, we would also grant summary judgment to Lipscomb and Greyhound for the reasons stated in the opinion of Justice Con. G. Cholakis at Special Term.