■ PARIMAL NANDY, as Parent and Natural Guardian of PRAMIR NANDY, an Infant, Respondent, v ALBANY MEDICAL CENTER HOSPITAL, Appellant-Respondent; ERIC D. FOSTER, Respondent-Appellant, and ALBANY MEDICAL COLLEGE et al., Respondents.—Yesawich, Jr., J. Appeals (1) from an order of the Supreme Court (Kahn, J.), entered November 29, 1988 in Albany County, which denied defendant Albany Medical Center Hospital's motion for summary judgment dismissing the complaint and all cross claims against it, and (2) from an order of said court, entered March 1, 1989 in Albany County, which denied defendant Eric D. Foster's motion for summary judgment dismissing the complaint and all cross claims against him.

In this medical malpractice action, plaintiff charges that neurological damage suffered by the infant was the result of negligent surgical and postoperative care furnished by hospital personnel and defendant Eric D. Foster, the attending surgeon. Supreme Court denied separate motions for summary judgment by Foster and defendant Albany Medical Center Hospital (hereinafter collectively referred to as defendants) because conflicting medical affidavits created questions of fact regarding whether defendants deviated from the accepted standard of care in their treatment of the infant. Defendants appeal; we affirm.

In support of its motion, the hospital submitted both an affidavit by Dr. Norman Dennis, a specialist in pediatrics and adolescent medicine, and Foster's deposition. That deposition and an affidavit by Dr. Frederick Parker, a specialist in thoracic and cardiac surgery, underlie Foster's motion. Dennis, relying on the infant's hospital chart, and Parker, having reviewed the operative notes, hospital record and Foster's records, opined respectively that neither the hospital's nor Foster's care deviated from good, accepted surgical and medical practices. The Dennis and Parker affidavits, together with the transcript of Foster's testimony regarding the specific care which the child was given, make out a prima facie showing by defendants of entitlement to summary judgment.

In assessing the adequacy of plaintiff's responding papers, it is worth noting at the outset that "[i]n all but the most extraordinary instances, whether a defendant has conformed to the standard of conduct required by law is a question of fact" necessitating a trial (*Kiernan v Hendrick,* 116 AD2d 779, 781, *appeal dismissed* 68 NY2d 661); that being the nonmoving party, plaintiff need only demonstrate that a material triable fact issue exists; and, further, that plaintiff is entitled

to the benefit of every favorable inference which can be drawn from the pleadings and medical affidavit tendered on his behalf *(see, Blake-Veeder Realty v Crayford,* 110 AD2d 1007, 1008).

Plaintiff submitted the affidavit of Dr. S. Mahapatra, a specialist in internal medicine and cardiovascular diseases. In a letter report, which is attached to his affidavit attesting to the truthfulness of the report, Mahapatra states that his opinion is based on a review of the infant's medical records which plaintiff's counsel sent to him. Defendants, without any evidentiary basis in their records on appeal, would have us assume the medical records before Mahapatra were less than complete or were deficient in some unidentified respect, and hence insufficient to enable him to render a reliable opinion; we are not disposed to do so. Mahapatra's affidavit charges "mismanagement or negligence" on defendants' part and specifically questions their administration of certain medicines, the performance of various procedures and the adequacy of the postoperative care they delivered on stated days. This affidavit, though not as precise as we would prefer, is obviously based upon the relevant portions, if not all, of the child's medical records; being based on a source of evidence " 'of a kind accepted in the [medical] profession * * * in forming a professional opinion' " *(Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 726, quoting *People v Sugden,* 35 NY2d 453, 460; *see,* CPLR 3212 [b]), it is substantively sufficient to withstand defendants' motions.

Defendants' other argument, that Mahapatra's affidavit technically did not satisfy CPLR 2309 (c), is also unavailing. Ideally, both pages of an out-of-State affidavit should be accompanied by a certificate authenticating the authority of the one who administered the oath. Rejecting the document, however, would only result in further delay because it can be given nunc pro tunc effect once properly acknowledged *(see, Raynor v Raynor,* 279 App Div 671; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2309:3, at 267).

Orders affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.