■ Shannon Brown et al., Respondents, v City of New York, Respondent, and Bailey Construction Contractors et al., Appellants. [655 NYS2d 567] —In an action to recover damages for personal injuries, etc., the defendants Bailey Construction Contractors and Glen Chandler appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 11, 1996, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellants' motion for summary judgment is granted, the complaint and all cross claims insofar as asserted against them are dismissed, and the action against the remaining defendant is severed.

On October 1, 1991, in the middle of the afternoon, the injured plaintiff was attempting to cross Tillary Street in Brooklyn from south to north. He was in the middle of the block, a short distance west of its intersection with Bridge Street. At that time, the traffic in the three east-bound lanes of traffic on Tillary Street closest to the curb was stopped due to a red light. At the same time, traffic in the fourth, far left lane, had a green left-turn signal and was moving at about 25 miles per hour.

The injured plaintiff stepped into the stopped traffic on Tillary Street in the middle of the block, and began to weave his way across the street. He stopped after crossing each of the first two lanes of stopped traffic and then moved on. He crossed the third lane and then, without stopping to look, ran into the (fourth) moving lane of traffic, colliding with the right passenger side and/or mirror of the van owned by the appellant Bailey Construction Contractors and driven by the appellant Glen Chandler. The injured plaintiff, who has no personal recollection of the accident, did not present any evidence contradicting the account given by Chandler and another witness. The Supreme Court denied the appellants' motion and we reverse.

The record herein shows that the injured plaintiff darted out without stopping or looking into a moving lane of traffic, and hit the van after its front had already passed the gap between the cars to its right through which opening the plaintiff came. There is no evidence to indicate that Chandler was operating

the van in other than a prudent and reasonable manner, or that he had any indication that the injured plaintiff was likely to run out suddenly from between the stopped vehicles to his right (*see, Kiernan v Hendrick*, 116 AD2d 779). Moreover, it is clear that Chandler was unable to observe the injured plaintiff at any time prior to the accident. Any contention by the injured plaintiff that Chandler failed to observe what he should have observed is merely an attempt "to ferret out speculative issues 'to get the case to the jury' " (*Andre v Pomeroy*, 35 NY2d 361, 364). It is clear that Chandler "was free of any actionable negligence as a matter of law and that there is no genuine issue requiring trial" (*Kiernan v Hendrick, supra*, at 781). Thompson, J. P., Florio, McGinity and Luciano, JJ., concur.