■ REBECCA WISNIESKI et al., Respondents, v MAUREEN KRAFT, Defendant and Third-Party Plaintiff-Appellant. CHANG

Nam Song, Third-Party Defendant-Respondent. [661 NYS2d 46] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff Maureen Kraft appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), entered July 18, 1996, as granted the motion of the third-party defendant Chang Nam Song for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arose out of an automobile accident which occurred on April 2, 1993, in which the automobile owned and operated by the defendant third-party plaintiff Maureen Kraft (hereinafter the appellant) struck the infant plaintiff Rebecca Wisnieski, a pedestrian, as she crossed Main Street in Smithtown, New York. The appellant commenced a third-party action against the third-party defendant Chang Nam Song (hereinafter the respondent), alleging that. he was negligent in stopping his automobile suddenly when he saw the infant plaintiff waiting to cross the street at a spot where there was no crosswalk and no traffic control device. The appellant alleges that the respondent contributed to the accident by encouraging the infant plaintiff to cross in front of the appellant's vehicle. In an examination before trial, the respondent testified that he stopped when, *inter alia,* the infant plaintiff darted out in front of him. He denied that he gestured toward her or otherwise encouraged the infant plaintiff to cross. In opposition to the motion for summary judgment dismissing the third-party complaint, the appellant offered only the affirmation of her counsel, who had no personal knowledge of the accident.

It is well settled that a party opposing a motion for summary judgment must produce evidence in admissible form raising an issue of fact. The affirmation by counsel, without personal knowledge of the facts, is insufficient to raise such an issue *(see, Zuckerman v City of New York,* 49 NY2d 557; *Franklyn Folding Box Co. v Grinnell Mfg.,* 234 AD2d 545). Since the respondent met the initial burden of establishing his entitlement to dismissal, and the appellant failed to come forward with admissible evidence to create an issue of fact, summary judgment was properly granted dismissing the third-party complaint. Bracken, J. P., Copertino, Altman and Florio, JJ., concur.