■ JOHN C. DiCOCCO, Appellant, v CENTER FOR DEVELOPMENTAL DISABILITIES, INC., et al., Respondents, et al., Defendant. [695 NYS2d 612] —In an action to recover damages for wrongful death, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 3, 1998, as granted that branch of the motion of the defendants Center for Developmental Disabilities, Inc., and Anthony Anes which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The evidence established that on September 26, 1994, at approximately 7:30 P.M., the appellant's decedent, Eleazar Garcia, was struck and killed by a vehicle owned by the respondent Center for Developmental Disabilities, Inc., and operated by the respondent Anthony Anes, as he crossed Route 107 in Nassau County. At the site of the accident, Route 107 is a busy five-lane thoroughfare with no marked pedestrian crosswalks. In crossing Route 107 at that particular place, Garcia violated both Vehicle and Traffic Law § 1152 (a) and § 1151 (a). The evidence demonstrated that upon seeing Garcia in the roadway, Anes immediately applied his brakes and swerved to the right, but was unable to avoid striking him.

The respondents' moving papers established a prima facia case of entitlement to judgment as a matter of law. The burden then shifted to the appellant to submit evidence in admissible form to raise a material issue of fact as to whether Anes was

operating his vehicle in other than a prudent and reasonable manner under all of the circumstances (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). Contrary to the appellant's contention, he failed to present sufficient evidence in admissible form that Anes failed to operate his vehicle in a reasonable and prudent manner under the circumstances presented to him by the decedent's actions (*see, Wright v Morozinis,* 220 AD2d 496; *Keirnan v Hendrick,* 116 AD2d 779). Therefore, the Supreme Court properly granted summary judgment to the respondents (*see, Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra*). Ritter, J. P., Joy, H. Miller and Smith, JJ., concur.