■ MARIBEL CARRASCO, Respondent, v FRANK MONTEFORTE, Appellant. [698 NYS2d 326] —In an action to recover damages for

personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Winslow, J.), dated December 15, 1998, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On July 8, 1997, in the middle of the afternoon, the injured plaintiff was attempting to cross Mill Road, in Freeport, Nassau County. The eastbound right lane of the road was crowded with traffic waiting at a red traffic light. The left lane was less crowded, and, the defendant, who was in that lane, driving no more than 20 miles per hour, was moving forward toward the red light. The plaintiff crossed in front of a van which was stopped in the right lane and stepped into the left lane coming into contact with the front portion of the passenger side of the defendant's car. The plaintiff commenced this action to recover damages for her injuries, claiming that the defendant's negligence caused the accident.

In support of his motion for summary judgment the defendant submitted his deposition testimony and that of the plaintiff and the driver of the van in front of which the plaintiff walked immediately before the accident. The plaintiff could not recall the part of the defendant's car with which she came into contact. However, the van driver and the defendant agreed that the front of the defendant's car had already passed the plaintiff when she walked into the passenger side of the car somewhere between the wheel and the sideview mirror. It was undisputed that the accident occurred suddenly and without warning. In presenting this evidence, the defendant sustained his burden of proving his entitlement to summary judgment as a matter of law (CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Brown v City of New York,* 237 AD2d 398). The plaintiff's submissions failed to raise any issue of fact which precluded the court from granting summary judgment to the defendant. Bracken, J. P., Joy, Goldstein and Luciano, JJ., concur.