■ MICHAEL WOLF, an Infant, by His Father and Natural Guardian, PETER WOLF, et al., Appellants, v WE TRANSPORT, INC., et al., Respondents. [711 NYS2d 484] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Levitt, J.), dated August 9, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants demonstrated, prima facie, their entitlement to summary judgment. There was, *inter alia,* uncontroverted evidence that the infant plaintiff darted out from between parked cars directly into the path of the van owned by the defendant We Transport, Inc., and operated by the defendant Elizabeth M. Bernard, leaving Bernard with no chance to avoid striking him (*see, Carrasco v Monteforte,* 266 AD2d 330; *DiCocco v Center for Dev. Disabilities,* 264 AD2d 803; *Miller v Sisters of Order of St. Dominic,* 262 AD2d 373; *Wisnieski v Kraft,* 242 AD2d 290; *Brown v City of New York,* 237 AD2d 398).

In opposition, the plaintiffs failed to adduce any admissible evidence giving rise to issues of fact. While the police report submitted by the defendants in support of their motion included a statement of a disinterested witness that the defendants' van "seemed to be going a little too fast", that statement was not in admissible form (*see, Hoffman v Eastern Long Is. Transp. Enter.,* 266 AD2d 509; *Almonte v Marsha Operating Corp.,* 265 AD2d 357; *Hegy v Coller,* 262 AD2d 606; *Lukin v Bruce,* 256 AD2d 388). Moreover, it was flatly contradicted by all of the admissible evidence, and was wholly subjective, unquantifiable, and conclusory. It was thus insufficient to defeat the defendants' prima facie showing of entitlement to judgment as a matter of law (*see, Pitchon v City of New York,* 243 AD2d 548).

The plaintiffs' remaining contentions are without merit. S. Miller, J. P., Altman, H. Miller and Schmidt, JJ., concur.