■ PATRICIA JOHNSON, Respondent, v ALISON V. LOVETT, Appellant. [728 NYS2d 753] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (De Maro, J.), entered July 31, 2000, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On October 29, 1996, at about 4:15 P.M., the plaintiff was attempting to cross Main Street, in Port Washington, in the middle of the block, a short distance west of an intersection with Irma Avenue. Although there was only one lane for eastbound traffic, there was a left-turn lane near the intersection. The defendant's vehicle had come out of a parking space and was attempting to move out from behind a stopped van in the eastbound lane and enter the left-turn lane. The plaintiff crossed in front of the stopped van and walked towards the left-turn lane coming into contact with the right side-view mirror of the defendant's vehicle. The plaintiff commenced this action to recover damages for her injuries.

The defendant demonstrated, prima facie, her entitlement to summary judgment. The evidence established that the plaintiff stepped out in front of the stopped van directly into the path of the defendant's vehicle, and that the defendant was unable to observe the plaintiff at any time prior to the accident (*see, Wolf v We Transport,* 274 AD2d 514; *Carrasco v Monteforte,* 266 AD2d 330; *Miller v Sisters of Order of St. Dominic,* 262 AD2d 373; *Brown v City of New York,* 237 AD2d 398). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit submitted in opposition to the motion for summary judgment consisted of conclusory and unsubstantiated allegations and was insufficient to defeat the defendant's prima facie showing of entitlement of judgment as a matter of law (*see, Ovisinak v Town of Southold,* 277 AD2d 295; *Malmut v Lindenwood Vil. Coop. Corp.,* 272 AD2d 528). O'Brien, J. P., Krausman and Schmidt, JJ., concur.

Goldstein, J., dissents and votes to affirm the order appealed from, with the following memorandum, in which Crane, J., concurs: The plaintiff claimed she was crossing the street in front of a stopped van, whose driver "indicated that I could

cross in front of her." The defendant claimed that her car was stopped behind the van waiting for an opportunity to enter a turning lane to turn left. As the defendant moved her vehicle from behind the van into the turning lane, she heard a "thud." The defendant did not recall whether her foot was on the brake or the accelerator when the accident occurred. She claimed she did not see the plaintiff before impact.

The plaintiff did not hear any sounding of horns before impact.

In support of her motion for summary judgment, the defendant claimed that the plaintiff was not crossing at an intersection, and therefore that the plaintiff violated Vehicle and Traffic Law § 1152 (a) when she failed to yield the right of way to the defendant. However, the plaintiff's alleged lack of due care does not mean that the defendant was not at fault in the happening of the accident (*see, Ruocco v Mulhall,* 281 AD2d 406). Indeed, in a similar situation, where the defendant made a wide turn around a parked vehicle and hit the plaintiff, who was not walking in a crosswalk, this Court found that there was evidence that both the plaintiff and the defendant were at fault, and set aside a jury verdict in favor of the defendant on the ground that it was against the weight of the credible evidence (*see, Finkel v Benoit,* 211 AD2d 749).

The fact that the defendant claimed that she did not see the plaintiff until after impact does not establish the defendant's entitlement to judgment as a matter of law. One could infer from the evidence in the record that the defendant proceeded blindly around the stopped van, without sounding her horn, and that her failure to do so when her view was obstructed was negligent (*see, Thomson v Gasteiger,* 199 App Div 744).

Vehicle and Traffic Law § 1146 provides that "every driver of a vehicle shall exercise due care to avoid colliding with any * * * pedestrian * * * by sounding the horn when necessary." Failure to comply with this provision constitutes negligence, even if the plaintiff failed to exercise due care in crossing the roadway in a place other than an intersection or crosswalk (*see, Ruocco v Mulhall, supra*).

In view of the foregoing, I believe that summary judgment was properly denied.