■ SAE HYUN KIM, an Infant, by Her Mother and Natural Guardian, YANG SOOK LEE, et al., Appellants, v JOHN MIRISIS et al., Respondents. [730 NYS2d 353] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Berke, J.), dated October 25, 2000, which granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, their cross motion for a unified trial on the issues of liability and damages.

Ordered that the order is affirmed, with costs.

The infant plaintiff, who was almost three years old at the time of the accident, allegedly was injured when he ran into the street and collided with the passenger side of a truck owned by the defendant Gripon Construction Corporation and operated by the defendant John Mirisis. The defendants established their prima facie entitlement to judgment as a matter of law

by submitting the deposition testimony of two nonparty eyewitnesses, who testified that the infant plaintiff ran into the street from between parked cars and that the truck had stopped before he collided with it. There was no indication from these eyewitnesses that Mirisis was operating the truck in a negligent manner. In addition, Mirisis testified at his deposition that while he did not see the infant plaintiff immediately prior to the accident, he stopped the truck in a matter of seconds in response to a warning from a pedestrian who ran into the street in front of the truck.

In opposition, the plaintiffs failed to raise a triable issue of fact as to the defendants' liability. The plaintiffs argue that the alleged severity of the infant plaintiff's injuries establishes that the truck had not stopped completely at the time of the accident. Assuming that the truck was still moving when the infant plaintiff came into contact with it, the evidence submitted by the plaintiffs was insufficient to raise a triable issue of fact as to whether Mirisis negligently failed to observe the infant plaintiff in time to avoid the accident. Accordingly, the Supreme Court properly granted the motion for summary judgment dismissing the complaint (*see, Wolf v We Transp.,* 274 AD2d 514; *Carrasco v Monteforte,* 266 AD2d 330; *Miller v Sisters of Order of St. Dominic,* 262 AD2d 373; *Brown v City of New York,* 237 AD2d 398).

In light of our determination, we need not address the plaintiffs' remaining contention. O'Brien, J. P., Luciano, Smith and Crane, JJ., concur.