■ TODD L. LEMERY et al., Respondents, v VILLAGE OF CAMBRIDGE et al., Appellants. [736 NYS2d 503] —Lahtinen, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered November 2, 2000 in Washington County, which, inter alia, denied defendants' cross motion for summary judgment dismissing the amended complaint.

Plaintiff Todd L. Lemery, a Deputy Sheriff with the Washington County Sheriff's Department, enrolled in a police training school sponsored by defendant Village of Cambridge and sanctioned by the Municipal Police Training Council of the Division of Criminal Justice Services. Defendant Arlene M. Bain was director of the program, defendant Thomas M. Levandowski was the school's commanding officer and defendant Paul Welycyko was an instructor at the school. In May 1997, while participating in a nighttime training simulation, a part of the school syllabus, plaintiff was injured when a handgun loaded with blank ammunition discharged as he was attempting to wrestle it from a "suspect."

Thereafter, plaintiff and his wife, derivatively, commenced this action against defendants claiming that plaintiff's injuries resulted from the negligence of the various defendants in the administration and operation of the police training school. Defendants answered and asserted several defenses, including governmental immunity. Plaintiffs then moved for leave to amend and supplement the complaint asserting three separate causes of action, each intended to overcome the defense of governmental immunity. The first cause of action alleges the negligent breach of a special duty arising out of a special relationship between plaintiff and defendants, the second alleges negligent performance of a ministerial act and the third alleges the negligent performance of a proprietary function. Defendants opposed the motion on the ground that it lacked merit and cross-moved for, inter alia, summary judgment. Supreme Court granted plaintiffs' motion and denied defendants' cross motion for summary judgment. Defendants now appeal, contending that the defense of governmental immunity shields them from liability on plaintiffs' three causes of action.

It is well settled that when a municipality is engaged in a

governmental function "undertaken for the protection and safety of the public pursuant to the general police powers" (*Balsam v Delma Eng'g Corp.*, 90 NY2d 966, 968), it generally will not be held liable for the negligent performance of those functions unless it can be shown that a special relationship exists between the injured party and the municipality (*see, Sebastian v State of New York*, 93 NY2d 790, 793). Likewise, governmental immunity attaches to "official action [which] involves the exercise of discretion or expert judgment in policy matters, and is not exclusively ministerial" (*Haddock v City of New York*, 75 NY2d 478, 484). When a municipality acts in a proprietary capacity, however, it is generally subject "to the same duty of care as private individuals and institutions engaging in the same activity" (*Schrempf v State of New York*, 66 NY2d 289, 294). A municipality's: "conduct may fall along a continuum of responsibility to individuals and society deriving from its governmental and proprietary functions. This begins with the simplest matters directly concerning a piece of property for which the entity acting as landlord has a certain duty of care, for example, the repair of steps or the maintenance of doors in an apartment building. The spectrum extends gradually out to more complex measures of safety and security for a greater area and populace, whereupon the actions increasingly, and at a certain point only, involve governmental functions, for example, the maintenance of general police and fire protection. Consequently, any issue relating to the safety or security of an individual [plaintiff] must be carefully scrutinized to determine the point along the continuum that the [municipality's] alleged negligent action falls into, either a proprietary or governmental category" (*Miller v State of New York*, 62 NY2d 506, 511-512).

To determine whether a municipality's complained of act falls within the governmental or proprietary category, "courts must examine ' "the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred" ' " (*Sebastian v State of New York, supra*, at 794, quoting *Miller v State of New York, supra*, at 513, quoting *Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 182).

Here, plaintiffs' allegations center on defendants' alleged negligent use of "explosive blanks" at their police training school. The school enrollment was open to any police officer (*see*, General Municipal Law § 209-q [2] [a]), a fee was charged for each enrollee's attendance and plaintiff's injury arose out of defendants' operation, management and control of the police training school which we find to be a proprietary function subjecting defendants to the same duty of care as a private individual or institution engaged in the same activity.

In light of our determination that defendants' operation of the training school was a proprietary and not a governmental function, the issues of whether a special relationship existed between plaintiff and defendants and whether defendants' actions were purely ministerial are academic. Defendants' remaining arguments, to the extent preserved, have been considered and found to be without merit.

Finally, plaintiffs' request on this appeal for leave to file a second amended complaint is denied.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' cross motion for summary judgment dismissing the first and second causes of action; cross motion granted to that extent and said causes of action dismissed; and, as so modified, affirmed.