■ SILAS MANCIA, Respondent, v METROPOLITAN TRANSIT AUTHORITY LONG ISLAND BUS et al., Appellants. [790 NYS2d 31]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Davis, J.), entered September 16, 2003, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants established their prima facie entitlement to judgment as a matter of law by providing evidence that the plaintiff darted out from between two parked vehicles outside of a crosswalk, directly into the side of a bus owned by the defendant Metropolitan Transit Authority Long Island Bus and operated by the defendant Errol Byfield, leaving Byfield unable to avoid contact with him (*see Johnson v Lovett,* 285 AD2d 627 [2001]; *Miller v Sisters of Order of St. Dominic,* 262 AD2d 373, 374 [1999]). In opposition, the plaintiff failed to present sufficient evidence to raise a triable issue of fact as to whether Byfield operated the bus in a negligent manner (*see Sheppeard v Murci,* 306 AD2d 268 [2003]).

In this regard we note that the Supreme Court erred in applying the *Noseworthy* doctrine (*see Noseworthy v City of New York,* 298 NY 76 [1948]) since the plaintiff failed to present expert evidence establishing his loss of memory and its causal relationship to the defendants' conduct (*see Menekou v Crean,* 222 AD2d 418 [1995]). Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.