■ ABDURRAHMAN KURIS, Respondent, v BRIAN R. ALBANO et al., Appellants. [832 NYS2d 674]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated October 28, 2005, which granted the plaintiff's motion for summary judgment on the issue of liability and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the issue of liability and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff allegedly sustained injuries when he was struck by an exterior mirror located on the side of a school bus owned by the defendant Rivlab Transportation Corp. and operated by the defendant Brian R. Albano. The plaintiff, who had a poor recollection of the accident, testified that the last thing he remembered was standing on top of a median island in the intersection about 12 to 18 inches back from the curb, waiting for a red light to change. The defendant driver testified that as

he approached the intersection in the right hand lane he observed the plaintiff step into the street and then step back onto the curb of the median. The defendant driver was traveling at about 25 miles per hour and intended to proceed straight through the intersection. Although he was no longer able to observe the plaintiff, about two seconds later when the bus was halfway across the intersection, the defendant driver heard a thump. It appeared that the plaintiff had been struck by one of the buses' exterior mirrors.

Viewing the evidence in light most favorable to the defendants, we find the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427 [2005]). The deposition testimony of the parties demonstrated that even if the bus was operated in a negligent manner, this did not establish, as a matter of law, that the plaintiff was free from comparative negligence (*see Johnson v Lovett*, 285 AD2d 627 [2001]; *Carrasco v Monteforte*, 266 AD2d 330, 331 [1999]). Thus, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability (*see Scibelli v Hopchick*, 27 AD3d 720 [2006]).

The defendants' remaining contention is without merit. Schmidt, J.P., Spolzino, Krausman and Balkin, JJ., concur.