■ LESLIE ST. ANDREW et al., Individually and as Parents and Guardians of LOUIS ST. ANDREW IV, an Infant, Appellants-Respondents, v ASHLEY K. O'BRIEN et al., Respondents-Appellants, and ITALIAN COMMUNITY CENTER OF TROY, NEW YORK, INC., et al., Respondents. [845 NYS2d 184]—

Mugglin, J. Cross appeals from an order of the Supreme Court (Ceresia, Jr., J.), entered January 25, 2007 in Rensselaer County, which, among other things, denied a motion by defendants

Ashley K. O'Brien and Rose M. O'Brien for summary judgment dismissing the complaint against them.

At 9:15 P.M. on September 5, 2003, Louis St. Andrew IV (hereinafter the infant), then 15 years old, was attending a festival held by defendant Italian Community Center of Troy, New York, Inc. (hereinafter ICC) in its parking lot adjacent to Fifth Avenue in the City of Troy, Rensselaer County. Defendant City of Troy Police Department assigned two officers to be present during the festival. The infant, while being chased by a friend, dashed between two cars parked at the curb on Fifth Avenue and was struck by a vehicle owned by defendant Rose M. O'Brien and operated by her 17-year-old granddaughter, defendant Ashley K. O'Brien, in violation of Vehicle and Traffic Law § 501 (3) (b), as she was the holder of a junior license (class DJ) and she was accompanied only by another teenager while driving after 9:00 P.M.

Plaintiffs, the infant's parents, commenced this action against the City of Troy, the Troy Police Department, the two police officers present at the festival (hereinafter collectively referred to as the municipal defendants), the O'Briens and ICC. Following joinder of issue and extensive discovery, all defendants moved for summary judgment dismissing the complaint. Supreme Court granted summary judgment to ICC and the municipal defendants, but denied summary judgment to the O'Briens because an issue of fact exists as to whether the vehicle was being operated at a speed reasonable and prudent under the circumstances which then existed. Supreme Court also held that the Vehicle and Traffic Law violation does not constitute evidence of negligence. Plaintiffs appeal the grant of summary judgment in favor of ICC and the municipal defendants, as well as Supreme Court's finding that the driver's violation of the Vehicle and Traffic Law does not constitute evidence of negligence. The O'Briens cross-appeal from the denial of their motion for summary judgment dismissing the complaint against them.

With respect to ICC, Supreme Court granted summary judgment because ICC did not owe a legal duty to protect persons attending the festival from the risks associated with vehicular traffic on Fifth Avenue. Whether the facts and circumstances of a particular case give rise to a legal duty is a question of law to be determined by the court (*see Piccirillo v Beltrone-Turner*, 284 AD2d 854, 855 [2001]). While "[l]iability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property" (*Noble v Pound*, 5 AD3d 936, 938 [2004] [internal quotation marks and citation omitted]), a property owner does owe a duty

to warn or protect others from a dangerous condition on a neighboring premises where the owner created or contributed to such condition (*see Clementoni v Consolidated Rail Corp.*, 8 NY3d 963, 965 [2007]). Here, it is undisputed that the infant's accident occurred wholly outside ICC premises on a municipal street owned and controlled by the City of Troy. As ICC neither created the conditions which existed in the street nor used the street for any special purpose, it had no legal duty to protect persons from risks associated with the public highway (*see Stankowski v Kim*, 286 AD2d 282, 283 [2001], *appeal dismissed* 97 NY2d 677 [2001]). Moreover, although the risk associated with a public street is open and obvious and injury to patrons of the festival is foreseeable, foreseeability of harm does not define duty (*see 532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 289 [2001]; *Boehm v Barnaba*, 7 AD3d 911, 913 [2004]). Accordingly, we affirm Supreme Court's determination that ICC owed no legal duty to plaintiffs.

Plaintiffs next contend that Supreme Court erroneously found no issues of fact as to whether the municipal defendants were acting in their governmental capacity, as contrasted with a proprietary function, inasmuch as they received compensation from ICC for their services and acted as event security to not only provide public safety, but also to protect the interests of ICC. It is firmly established that "municipalities generally enjoy immunity from liability for discretionary activities they undertake through their agents, except when plaintiffs establish a 'special relationship' with the municipality" (*Kovit v Estate of Hallums*, 4 NY3d 499, 505 [2005]; *see Pelaez v Seide*, 2 NY3d 186, 193 [2004]; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Miller v State of New York*, 62 NY2d 506, 510 [1984]; *D'Ambra v Di Donna*, 305 AD2d 958, 959 [2003]; *Lemery v Village of Cambridge*, 290 AD2d 765, 765-766 [2002]). However, "a 'governmental entity's conduct may fall along a continuum of responsibility to individuals and society deriving from its governmental and proprietary functions' " (*Sebastian v State of New York*, 93 NY2d 790, 793 [1999], quoting *Miller v State of New York*, 62 NY2d at 511-512; *see Clinger v New York City Tr. Auth.*, 85 NY2d 957, 959 [1995]; *Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 182 [1982]). Viewing both extremes of this spectrum, "[a] purely governmental function is 'undertaken for the protection and safety of the public pursuant to the general police powers', while a purely proprietary function is a governmental activity which substitutes for or supplements a traditionally private enterprise" (*Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md.*, 272 AD2d 818, 820 [2000], quoting *Balsam v Delma Eng'g Corp.*, 90 NY2d 966, 968 [1997]

[citation omitted]; *see Sebastian v State of New York*, 93 NY2d at 793). In order to determine where along the continuum of responsibility a municipality's challenged conduct falls, this Court must examine " 'the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred' " (*Miller v State of New York*, 62 NY2d at 513, quoting *Weiner v Metropolitan Transp. Auth.*, 55 NY2d at 182; *accord Sebastian v State of New York*, 93 NY2d at 794; *see Lemery v Village of Cambridge*, 290 AD2d at 766; *Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md.*, 272 AD2d at 820).

The special events policy of the City of Troy requires, among other things, that the police department provide appropriate police coverage for special events sanctioned by the City to ensure public safety and to provide law enforcement assistance to the staff of the special event. The policy specifically provides that it is not the responsibility of the police to provide event security, but to ensure public safety. The record establishes that the duties of the two police officers assigned to ICC were law enforcement only and it contains no evidence that ICC in any way defined the duties of the two police officers or that they were requested to address issues related to vehicular and pedestrian traffic on Fifth Avenue. This evidence establishes that the municipal defendants were providing discretionary services in accordance with the special events policy and, thus, were acting in a governmental capacity to which immunity attaches. The fact that ICC was obligated to pay the overtime expenses of the police officers does not transform the governmental purpose to a proprietary purpose for which liability may attach. The record clearly establishes that the services provided by the police officers were for the protection and safety of the public in keeping with general police powers (*see Miller v State of New York*, 277 AD2d 770, 771 [2000]). Accordingly, we conclude that Supreme Court correctly determined that the municipal defendants were acting in a governmental capacity at the time of the infant's injury and, accordingly, were immune from any suit by plaintiffs.

The issues presented with respect to the O'Briens are more problematic. These defendants rely on numerous cases which hold that a prima facie entitlement to summary judgment is established by providing evidence that a plaintiff suddenly "darted out . . . directly into the path of the defendant's vehicle, leaving the defendant unable to avoid contact" (*Sheppeard v Murci*, 306 AD2d 268, 269 [2003]; *see e.g. Ledbetter v Johnson*, 27 AD3d 698, 698 [2006]; *Mancia v Metropolitan Tr. Auth. Long Is. Bus*, 14 AD3d 665, 665 [2005]; *Loder v Greco*, 5 AD3d 978,

979 [2004]; *Sae Hyun Kim v Mirisis*, 286 AD2d 761, 761-762 [2001]; *Johnson v Lovett*, 285 AD2d 627, 627 [2001]; *Wolf v We Transp.*, 274 AD2d 514, 514 [2000]; *Carrasco v Monteforte*, 266 AD2d 330, 331 [1999]; *Miller v Sisters of Order of St. Dominic*, 262 AD2d 373, 374 [1999], *lv denied* 94 NY2d 763 [2000]). Therefore, a plaintiff must present sufficient evidence raising a triable issue of fact as to whether the driver operated his or her vehicle in a negligent manner under the circumstances in order to defeat the motion (*see Sheppeard v Murci*, 306 AD2d at 269; *Sae Hyun Kim v Mirisis*, 286 AD2d at 762; *Miller v Sisters of Order of St. Dominic*, 262 AD2d at 374; *Kiernan v Hendrick*, 116 AD2d 779, 781 [1986], *appeal dismissed* 68 NY2d 661 [1986]).

In contrast to the cases relied on by the O'Briens, here, the operator of the vehicle had knowledge that she was approaching an area congested with people, including children, on a street that was narrowed by parked cars. As such, whether the driver's speed was reasonable under the particular circumstances in which she knowingly proceeded (*see* Vehicle and Traffic Law § 1180 [a]) is a question for the trier of fact to resolve. Indeed, " '[i]n all but the most extraordinary instances, whether a defendant has conformed to the standard of conduct required by law is a question of fact' necessitating a trial" (*Nandy v Albany Med. Ctr. Hosp.*, 155 AD2d 833, 833 [1989], quoting *Kiernan v Hendrick*, 116 AD2d at 781; *see Ferrer v Harris*, 55 NY2d 285, 291-292 [1982]; *Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). We, therefore, affirm Supreme Court's denial of summary judgment to the O'Briens.

As a final matter, we also affirm Supreme Court's decision that Ashley O'Brien's operation of the vehicle in violation of the time restriction on her class DJ license is not evidence of negligence. In our view, Vehicle and Traffic Law § 501 (3), insofar as it relates to the hours within which a junior operator may drive without a parent being present, relates solely to the *authority* to drive and does not create any standard of care which must be observed in the operation of the vehicle. Therefore, violation of this restriction does not constitute negligence and is akin to those cases in which unlicensed operation has been held not to constitute proof of negligence or where the violation of the restriction dealt with the actual ability of the operator to drive the car (*see Miszko v Luma*, 284 AD2d 641, 641 [2001]; *Almonte v Marsha Operating Corp.*, 265 AD2d 357, 357 [1999]; *Dalal v City of New York*, 262 AD2d 596, 597-598 [1999]; *Dance v Town of Southampton*, 95 AD2d 442, 447 [1983]; *Hanley v Albano*, 20 AD2d 644, 645 [1964]). In so hold-

ing, we have not overlooked our recent decision in *People v Cabrera* (40 AD3d 1139 [2007], *lv granted* 9 NY3d 853 [2007]), in which we held that violations of the restrictions on class DJ licenses prohibiting the number of people under 21 who can be in the car—and to a lesser extent, the failure to insure that each is wearing a seat belt—relates directly to the physical operation of the vehicle. In contrast to this case, those restrictions—found in Vehicle and Traffic Law § 501-b—do define a standard of care, which, in the context of a criminal case, may be relevant to the issue of blameworthiness.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.