MUHAMAD JAHANGIR, Individually and as Administrator of the Estate of SHOHANA SHAMI, Deceased, Respondent, v LOGAN BUS CO., INC., et al., Appellants. [933 NYS2d 402]—

In support of the defendants' motion for summary judgment they established their prima facie entitlement to judgment as a matter of law by providing sufficient evidence that the plaintiff's decedent, Shohana Shami (hereinafter the decedent), darted out from between parked vehicles, away from any crosswalk, and directly into the path of the defendants' minibus, leaving the defendant driver unable to avoid contact with the decedent (*see Afghani v Metropolitan Suburban Bus Auth.*, 45 AD3d 511, 512 [2007]; *Ledbetter v Johnson*, 27 AD3d 698 [2006]; *Mancia v Metropolitan Tr. Auth. Long Is. Bus*, 14 AD3d 665 [2005]; *Sheppeard v Murci*, 306 AD2d 268, 268-269 [2003]; *see also Johnson v Lovett*, 285 AD2d 627, 627 [2001]; *Carrasco v Monteforte*, 266 AD2d 330, 331 [1999]).

In opposition, the plaintiff raised a triable issue of fact. Contrary to the defendants' assertions on appeal, the affidavit of a nonparty witness was not inconsistent with his prior signed witness statement in the police accident report, and, thus, did not constitute an attempt to create a feigned issue of fact (*see e.g. Kievman v Philip*, 84 AD3d 1031, 1033 [2011]). The affidavit, at most, provided more detail than was provided to police at the scene of the accident. In the affidavit, the nonparty witness, in whose car the decedent had been a passenger, recalled that when the decedent exited his car, she crossed quickly in front of his car and stopped in the area between his car and a bus which was stopped directly in front of his car. As she did this, she stuck her head out "directly above" the double-yellow line

separating eastbound and westbound traffic on Jamaica Avenue in Queens for about two to three seconds, at which point she was struck in the head with the driver's side mirror of the defendants' minibus. There can be more than one proximate cause of an accident, and the issue of comparative negligence is generally a question for the jury to decide (*see Cox v Weil*, 86 AD3d 620, 621 [2011]; *Wilson v Rosedom*, 82 AD3d 970, 970 [2011]). The fact that the decedent's head may have been directly over the double-yellow line when she was struck suggests that the mirror may have been straddling the double-yellow line, in violation of Vehicle and Traffic Law § 1128 (a). Thus, an issue of fact exists as to whether there was a statutory violation committed by the defendant driver and, if so, whether it was a proximate cause of the accident. Rivera, J.P., Dickerson, Eng and Roman, JJ., concur.