■ TARA WARLEY, Respondent, v JOY L. GRAMPP, Appellant, et al., Defendants. [959 NYS2d 767]—

Garry, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered November 17, 2011 in Otsego County, which denied defendant Joy L. Grampp's motion for summary judgment dismissing the complaint against her.

In November 2008, plaintiff, a developmentally disabled adult, was traveling north on Route 28 in the Town of Milford, Otsego County in a bus operated by defendant Oneonta Public Transit. In response to plaintiff's request, the driver stopped the bus along the road's east shoulder to allow plaintiff to exit. Defendant Joy L. Grampp (hereinafter defendant) was traveling south on Route 28 and saw the stopped bus from about the length of a football field away. Defendant then saw plaintiff enter the highway from behind the bus, but was unable to avoid striking her, resulting in serious injuries to plaintiff. Plaintiff commenced this action alleging that defendant's negligent operation of her vehicle caused the accident. Defendant moved for summary judgment dismissing the complaint against her. Supreme Court denied the motion, and defendant appeals.

In seeking summary judgment, defendant bore the initial burden to establish "that no triable issues of fact existed

[regarding] whether [she] acted prudently under the circumstances" (*Corina v Boys & Girls Club of Schenectady, Inc.*, 82 AD3d 1477, 1477 [2011] [internal quotation marks, brackets and citation omitted]). Defendant testified that she was traveling at about 45 miles per hour when she first saw the stopped bus and that, as she approached, she was "watching toward the front of the lane, the back of the bus" and saw no one outside the bus until after she reached it. Defendant stated that the bus was beginning to reenter the highway when her vehicle drew even with it and that defendant's vehicle was about midway between the front and back of the moving bus when she first saw plaintiff "running" into the street from behind the bus, with her head turned in the opposite direction. Defendant testified that she immediately hit the brakes and tried to swerve to the right but could not avoid striking plaintiff. William Fisher, an accident reconstruction specialist, investigated the accident on defendant's behalf. Based upon his measurements and calculations, he opined that she was traveling at less than the posted speed limit and had insufficient time to react upon seeing plaintiff. This evidence was sufficient to establish a prima facie entitlement to summary judgment (*see DeJesus v Alba*, 63 AD3d 460, 463 [2009], *affd* 14 NY3d 860 [2010]; *St. Andrew v O'Brien*, 45 AD3d 1024, 1027 [2007], *lv dismissed and denied* 10 NY3d 929 [2008]).

The burden thus shifted to plaintiff to establish the existence of triable issues of fact as to defendant's negligence (*see Colaruotolo v Crowley*, 290 AD2d 863, 864 [2002]), and we agree with Supreme Court that plaintiff met this burden. Defendant acknowledged that she did not slow down when she saw the stopped bus, although she knew it was possible that someone had gotten off. She further testified that three or four seconds passed between her first sight of plaintiff and the collision, contradicting Fisher's opinion regarding the reaction time. Finally, although she testified that she swerved her vehicle to the right in an effort to avoid plaintiff, she also testified that her vehicle was still in the middle of her lane of traffic when the collision occurred. Accordingly, viewing the evidence in the light most favorable to plaintiff (*see Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]), we find triable issues of fact as to whether defendant's speed was prudent under the circumstances and whether she had sufficient time to avoid the collision (*see Corina v Boys & Girls Club of Schenectady, Inc.*, 82 AD3d at 1478-1479; *St. Andrew v O'Brien*, 45 AD3d at 1028; *Kiernan v Hendrick*, 116 AD2d 779, 781-782 [1986], *appeal dismissed* 68 NY2d 661 [1986]).

Defendant further contends that she is entitled to summary

judgment based upon application of the emergency doctrine, which provides that "a defendant will not be considered negligent . . . if he or she is faced with an emergency situation, not of his or her own making, has little or no time to consider an alternative course of conduct and acts reasonably under the circumstances" (*Schlanger v Doe*, 53 AD3d 827, 828 [2008]; *see Hubbard v County of Madison*, 93 AD3d 939, 940 [2012], *lv denied* 19 NY3d 805 [2012]). However, even assuming that this issue has been preserved for our review (*see Noriega v King*, 15 AD3d 267, 267 [2005]), application of this doctrine ordinarily involves factual determinations, and supports an award of summary judgment only in very limited circumstances, where no opposing evidence presents factual issues relative to the reasonableness of a defendant's actions (*see Cancellaro v Shults*, 68 AD3d 1234, 1236 [2009], *lv denied* 14 NY3d 706 [2010]). Here, there are factual issues requiring trial (*see Lopez-Viola v Duell*, 100 AD3d 1239, 1242 [2012]; *Cahoon v Frechette*, 86 AD3d 774, 778 [2011]; *Cookingham v Spakowski*, 290 AD2d 638, 639-640 [2002]).

Mercure, J.P., Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.