## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   January 29, 2015                518459
_____

SALLY WALLACE, as
    Administrator of the
    Estate of LAWRENCE
    MILLINGTON JR., Deceased,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

PATRICIA BARODY,
                    Respondent.
_____

Calendar Date:   November 12, 2014

Before:   Peters, P.J., Lahtinen, Garry, Rose and Lynch, JJ.

————————

        Finkelstein & Partners, LLP, Newburgh (James W. Shuttleworth III of counsel), for appellant.

        Pemberton & Briggs, Schenectady (Paul Briggs of counsel), for respondent.

————————

Garry, J.

        Appeal from an order of the Supreme Court (Ferradino, J.), entered November 12, 2013 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

        Defendant was driving through an intersection on Upper Glen Street in the Town of Queensbury, Saratoga County when her vehicle struck and killed a pedestrian (hereinafter decedent), who was crossing against the light in a crosswalk.  Plaintiff commenced this negligence action on decedent's behalf.  Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint.  Supreme Court granted the

motion, and plaintiff appeals.

Defendant demonstrated her prima facie entitlement to summary judgment by providing evidence that decedent "darted" so suddenly into the path of defendant's vehicle that she was unable to avoid the collision (St. Andrew v O'Brien, 45 AD3d 1024, 1027-1028 [2007], lv dismissed and denied 10 NY3d 929 [2008] [internal quotation marks and citations omitted]; see Green v Hosley, 117 AD3d 1437, 1437-1438 [2014]; Sheppeard v Murci, 306 AD2d 268, 268-269 [2003]). Defendant's affidavit and deposition testimony and the affidavits of several witnesses, taken together, establish that, in the moments immediately before the accident, defendant was driving north in the outside lane of the two northbound lanes. A large cargo van was traveling beside and slightly ahead of her in the inside northbound lane. The two vehicles entered the intersection with a green light in their favor and passed most of the way through it. The van stopped abruptly on the north side of the intersection, just before reaching the pedestrian crosswalk, to avoid colliding with decedent. The van driver stated that decedent was walking rapidly through the crosswalk from the van driver's left and — although he was crossing against a red light — was gazing straight ahead without looking left or right for oncoming traffic. The van driver checked his passenger side mirror and saw defendant's vehicle approaching on his right side and slightly behind his van. Decedent passed in front of his van and, without looking to his right to check for traffic, stepped directly into the path of defendant's vehicle. The van driver opined that it would have been impossible for defendant to see decedent before he entered her lane due to the position of the van and decedent's location as he crossed in front of it.

Defendant testified that she had seen the van traveling beside her before the accident. She did not see decedent until a person's face appeared on her windshield, at which point she immediately braked to a stop. She realized at the moment of impact that the van beside her had stopped. Her vehicle sustained damage to the driver's side mirror and the windshield on that side. The driver of a vehicle directly behind defendant testified by affidavit that he saw the van brake abruptly to a stop, after which decedent stepped from in front of the van into

defendant's lane, moving so quickly that defendant did not have time to avoid striking him.  Another witness saw decedent pass in front of the van and confirmed that he did so without stopping, slowing down or hesitating.  These consistent accounts were sufficient to establish defendant's prima facie entitlement to summary judgment, shifting the burden to plaintiff to establish an issue of fact as to whether defendant was operating her vehicle in a negligent manner (see Warley v Grampp, 103 AD3d 997, 998 [2013]).

As plaintiff argues, defendant had a duty to see what was there to be seen through the proper use of her senses (see Ranaudo v Key, 83 AD3d 1315, 1316 [2011]; National Interstate v A.J. Murphy Co., Inc., 9 AD3d 714, 715-716 [2004]).  However, plaintiff presented no evidence challenging defendant's showing that defendant could not have seen decedent before he stepped into the path of her vehicle.  Plaintiff likewise offered no evidence establishing an issue of fact as to whether defendant violated the statutory duty to operate her vehicle with "due care to avoid colliding with any . . . pedestrian" (Vehicle and Traffic Law § 1146 [a]).  Defendant testified that she was traveling at about 30 miles per hour (hereinafter mph) as she passed through the intersection, where the speed limit was 40 mph.  The driver behind her estimated that defendant's speed was 15 mph, and no witness claimed that she had been exceeding the speed limit.  Contrary to plaintiff's claims, the statements of two witnesses that defendant was driving at "full speed" and at "the posted speed limit" and did not slow down as she passed through the intersection did not raise issues of fact as to whether she was speeding or otherwise failing to exercise due care.  "[A] driver entering an intersection with a green light is not normally required to reduce his or her lawful speed" (Boston v Dunham, 274 AD2d 708, 710 [2000]), and nothing in the parties' submissions suggested that defendant's speed was excessive or that she otherwise acted "blindly and wantonly" in entering the intersection (Greco v Boyce, 262 AD2d 734, 735 [1999]).

Contrary to plaintiff's contention, defendant's failure to give warning by sounding her horn does not establish that she violated the statutory duty to do so "when necessary," as the uncontradicted evidence establishes that defendant could not see

decedent and had no time to give warning before the impact (Vehicle and Traffic Law § 1146 [a]; see McGraw v Ranieri, 202 AD2d 725, 728 [1994]; see also Sauter v Calabretta, 90 AD3d 1702, 1703 [2011]). Finally, the facts do not support plaintiff's contention that defendant improperly passed the stopped van at a pedestrian crosswalk in violation of Vehicle and Traffic Law § 1151 (c),[1] and, even if they did, the statute does not apply to intersections regulated by traffic signals (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; Rudolf v Kahn, 4 AD3d 408, 409 [2004]). As plaintiff failed to establish the existence of any material issue of fact as to whether defendant was driving negligently, Supreme Court properly granted summary judgment to defendant (see Johnson v Lovett, 285 AD2d 627, 627 [2001]; Carrasco v Monteforte, 266 AD2d 330, 331 [1999]).

Peters, P.J., Lahtinen, Rose and Lynch, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court




---

[1] Contrary to plaintiff's repeated assertions, defendant did not testify that she saw the stopped van before entering the intersection.