■ ANTHONY CRESSER, an Infant, by KELLIE BOWEN, His Mother and Guardian, et al., Appellants, v CDTS, 1, et al., Defendants, and JAMES FINCK et al., Respondents. [7 NYS3d 680]—

Clark, J. Appeal from that part of an order of the Supreme Court (Platkin, J.), entered April 29, 2014 in Albany County, which granted a motion by defendants James Finck and Tougher Industries Enterprises, LLC for summary judgment dismissing the complaint against them.

Within seconds of disembarking a bus operated by defendant Capital District Transportation Authority (CDTA) on the afternoon of June 9, 2011, infant plaintiff Anthony Cresser was struck by a van owned by defendant Tougher Industries Enterprises, LLC and driven by defendant James Finck, Tougher's employee.

Cresser sustained various injuries and, along with his mother, commenced this action alleging, among other things, that Finck negligently operated his vehicle and Tougher was vicariously liable. Following joinder of issue and discovery, all defendants moved for, and were granted, summary judgment dismissing the complaint. Plaintiffs now appeal from only that part of the order as granted the motion of Finck and Tougher (hereinafter collectively referred to as defendants).

We affirm. As is relevant here, "a prima facie entitlement to summary judgment is established by providing evidence that a plaintiff suddenly 'darted out . . . directly into the path of the defendant's vehicle, leaving the defendant unable to avoid contact' " (*St. Andrew v O'Brien*, 45 AD3d 1024, 1027 [2007], *lv dismissed and denied* 10 NY3d 929 [2008], quoting *Sheppeard v Murci*, 306 AD2d 268, 269 [2003]; *see Wallace v Barody*, 124 AD3d 1172, 1173-1174 [2015]; *Warley v Grampp*, 103 AD3d 997, 997-998 [2013]). Video footage from the CDTA bus shows Cresser exiting a bus stopped a short distance before the corner of 3rd Avenue and 5th Street in Watervliet. In an apparent attempt to cross the street, Cresser can immediately be seen running in front of the bus and into the path of Finck's van, which was proceeding in its designated lane of travel to the left of the bus. Cresser was not in the marked crosswalk. Finck testified that, as he drove past a bus stopped in the bus lane, he "saw a blur" and only knew he had hit something when he heard the impact on the right side of his vehicle. A witness driving behind Finck similarly stated that he observed Cresser dart out from in front of the bus leaving no time for Finck to react. Defendants' expert, John Serth Jr., a professional engineer specializing in accident reconstruction, opined that, from the moment that Cresser emerged from the front of the bus, he was visible to Finck for only as long as seven eighths of a second and, therefore, the accident was unavoidable unless Finck had been traveling less than 6.6 miles per hour. Thus, we agree that defendants met their prima facie burden.

In response, plaintiffs have failed to present evidence sufficient to raise a triable issue of fact as to whether Finck operated his vehicle in a negligent manner (*see Warley v Grampp*, 103 AD3d at 998; *St. Andrew v O'Brien*, 45 AD3d at 1028; *see also Wolf v We Transp.*, 274 AD2d 514, 514 [2000]). Without substantiation, plaintiffs' expert asserts that Finck's speed of 29.5 miles per hour* was unreasonable as he approached an intersection with a crosswalk in poor weather conditions while passengers were disembarking from a nearby bus. However,

---

* The speed limit where the accident occurred was 30 miles per hour.

the expert neither opines that Finck was responsible for the accident nor challenges Serth's compelling assertion that, based upon the video evidence, the accident was unavoidable even under optimal conditions (*see Wallace v Barody*, 124 AD3d at 1174; *compare St. Andrew v O'Brien*, 45 AD3d at 1028). Accordingly, we find that summary judgment was properly awarded to defendants.

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.