# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**302**

**CA 13-01310**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND WHALEN, JJ.

---

ANGELA D. GREEN, INDIVIDUALLY AND AS PARENT
AND NATURAL GUARDIAN OF KUMANI RICKS, AN
INFANT, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

CATHERINE M. HOSLEY, ROBERT L. RICKS AND
SUSAN STILL, DEFENDANTS-APPELLANTS.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, ROCHESTER (ALISON
K.L. MOYER OF COUNSEL), FOR DEFENDANT-APPELLANT CATHERINE M. HOSLEY.

HURWITZ & FINE, P.C., BUFFALO (DANIEL T. HUNTER OF COUNSEL), FOR
DEFENDANTS-APPELLANTS ROBERT L. RICKS AND SUSAN STILL.

LAW OFFICE OF J. MICHAEL HAYES, BUFFALO (ANTHONY J. ZITNIK, JR., OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered March 29, 2013. The order, insofar as appealed from, denied the motion of defendant Catherine M. Hosley for summary judgment and denied in part the motion of defendants Robert L. Ricks and Susan Still for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant Catherine M. Hosley is granted, the motion of defendants Robert L. Ricks and Susan Still is granted in its entirety, and the amended complaint and all cross claims are dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by the eight-year-old daughter of plaintiff and defendant Robert L. Ricks (hereafter, child). The child exited a vehicle owned by defendant Susan Still and driven by Ricks, then immediately darted out into traffic in an attempt to reach her school bus stop across the street, whereupon she was struck by a vehicle driven by defendant Catherine M. Hosley. Hosley moved for summary judgment dismissing the amended complaint and all cross claims against her, contending that she could not be held liable as a matter of law. Ricks and Still also moved for summary judgment dismissing the amended complaint against them. Supreme Court denied Hosley's motion, and granted only that part of the motion of Ricks and Still seeking summary judgment dismissing the negligent supervision claims against them. We reverse the order insofar as appealed from, grant Hosley's

motion, grant the motion of Ricks and Still in its entirety, and
dismiss the amended complaint and all cross claims.

With respect to Hosley's motion, we conclude that she met her
initial burden of proving that the child darted into the road (*see
generally Zuckerman v City of New York*, 49 NY2d 557, 562).
Specifically, the evidence establishes as a matter of law that,
"without looking in the direction of oncoming traffic" (*Brown v Muniz*,
61 AD3d 526, 527, *lv denied* 13 NY3d 715), the child darted from behind
the front of Still's parked vehicle, "directly into the path of"
Hosley's vehicle, leaving Hosley "unable to avoid contact with the
[child]" (*Perez v City of New York*, 104 AD3d 661, 661-662; *see Rosa v
Scheiber*, 89 AD3d 827, 828; *Afghani v Metropolitan Suburban Bus Auth.*,
45 AD3d 511, 512; *Ledbetter v Johnson*, 27 AD3d 698, 698), and
plaintiff failed to raise an issue of fact (*see Zuckerman*, 49 NY2d at
562).  Contrary to plaintiff's contention, the record does not
establish that there is an issue of fact whether Hosley operated her
vehicle in a negligent manner.  Rather, the record establishes as a
matter of law that Hosley acted as a reasonably prudent person when
she slowed her rate of speed immediately upon seeing the parked
vehicle ahead, and that she proceeded with caution while attempting to
pass it safely on the left (*see DeJesus v Alba*, 63 AD3d 460, 463-464,
*affd* 14 NY3d 860; *see also Sheppeard v Murci*, 306 AD2d 268, 269; *cf.
St. Andrew v O'Brien*, 45 AD3d 1024, 1027-1028, *lv dismissed in part
and denied in part* 10 NY3d 929).

With respect to the motion of Ricks and Still, we note that
"[t]he operator of a private passenger vehicle owes to his passengers
a duty of reasonable care [in] providing a safe place to alight"
(*Liebman v Heiss*, 256 AD2d 449, 449; *see Loder v Greco*, 5 AD3d 978,
979; *Ross v Ching*, 146 AD2d 55, 58).  Ricks and Still met their
initial burden on their motion by establishing that Ricks did not
breach that duty to the child when, intending to escort the child, he
parked the vehicle against the curb on a side street.  Plaintiff's
"[m]ere conclusions, expressions of hope or unsubstantiated
allegations" asserted in opposition to the motion failed to raise an
issue of fact (*Irwin v Mucha*, 154 AD2d 895, 896; *see generally
Zuckerman*, 49 NY2d at 562).

Entered:  May 2, 2014                    Frances E. Cafarell
                                         Clerk of the Court