# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**693**

**CA 13-01742**

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

KANWALJEET SINGH, PLAINTIFF-APPELLANT,

V                                           MEMORANDUM AND ORDER

LAUREEN D. REAGAN, DEFENDANT-RESPONDENT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HAGELIN KENT LLC, BUFFALO (BENJAMIN R. WOLF OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered December 11, 2012. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when, as a pedestrian, he was struck by a motor vehicle operated by defendant. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Defendant established her prima facie entitlement to judgment as a matter of law by establishing that plaintiff stepped into the roadway from between stopped vehicles, two or three car lengths behind the crosswalk and directly into the path of defendant's vehicle, "leaving the defendant driver unable to avoid contact with" plaintiff (*Jahangir v Logan Bus Co., Inc.*, 89 AD3d 1064, 1064; *see Green v Hosley*, 117 AD3d 1437, ___; *Rodriguez v Catalano*, 96 AD3d 821, 822). In opposition, plaintiff failed to raise a material issue of fact with respect to defendant's alleged negligence (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff's contention that defendant failed to observe what she should have observed is merely an attempt "to ferret out speculative issues 'to get the case to the jury' " (*Andre v Pomeroy*, 35 NY2d 361, 364).

Entered: June 20, 2014                      Frances E. Cafarell
                                            Clerk of the Court