# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1365**
**CA 15-00819**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

MARJORIE E. BERNARD, INDIVIDUALLY, AND AS
ADMINISTRATRIX OF THE ESTATE OF BARRY A.
BERNARD, DECEASED, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

DIANE B. SPEAR, DEFENDANT-RESPONDENT.

---

STANLEY LAW OFFICES, SYRACUSE (BRIANNE M. CARBONARO OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (NICOLE MARLOW-JONES OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Jefferson County (Hugh
A. Gilbert, J.), entered March 3, 2015. The order, insofar as
appealed from, granted defendant's motion insofar as it sought summary
judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion is denied
with respect to the issue of liability, and the complaint is
reinstated except with respect to the damages claim for decedent's
conscious pain and suffering.

Memorandum: Plaintiff commenced this wrongful death action after
her husband (decedent), who was crossing the road, was struck by a
motor vehicle driven by defendant. Supreme Court erred in granting
defendant's motion insofar as it sought summary judgment dismissing
the complaint on the ground that she was not negligent as a matter of
law. We note that defendant moved for summary judgment dismissing the
complaint or, in the alternative, for summary judgment dismissing the
damages claim for decedent's conscious pain and suffering, and we
further note that plaintiff's attorney averred in his opposing
attorney's affirmation that plaintiff had "no objection to the portion
of the motion dismissing the conscious pain and suffering claim."

With respect to her motion, we conclude that defendant failed to
meet her initial burden on the issue of liability inasmuch as she
failed to establish as a matter of law that she "could not have seen
[decedent] in time to stop or to take evasive maneuvers to avoid
hitting him" (*Bishop v Curry*, 83 AD3d 1431, 1432; *see Burkhart v
People, Inc.*, 106 AD3d 1535, 1536). Defendant submitted evidence
establishing that the weather conditions were poor at the time of the

accident inasmuch as it was dark, windy, and raining.  Plaintiff's vehicle was stopped in the road, and decedent exited plaintiff's vehicle and walked behind it.  Defendant saw plaintiff's stopped vehicle, but she did not recall if her foot remained on the gas, and she did not apply her brakes until her vehicle struck decedent. Although decedent had come from defendant's left side, he was struck by the passenger side of her vehicle.  There was no evidence that decedent darted out in front of defendant's vehicle (*see Burkhart*, 106 AD3d at 1536; *cf. Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 127). We therefore conclude that there are triable issues of fact on the issue of liability, i.e., whether defendant operated her vehicle in a negligent manner and whether decedent's actions were the sole proximate cause of the accident (*see Brandt v Zahner*, 110 AD3d 752, 752-753; *Spicola v Piracci*, 2 AD3d 1368, 1369; *cf. Green v Hosley*, 117 AD3d 1437, 1438).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court