Ebbole v Nagy (2019 NY Slip Op 00993)





Ebbole v Nagy


2019 NY Slip Op 00993


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


21 CA 18-01430

[*1]JENNIFER M. EBBOLE AND MICHAEL P. EBBOLE, PLAINTIFFS-RESPONDENTS,
v
PETER J. NAGY, DEFENDANT-APPELLANT. 






LAW OFFICES OF JOHN WALLACE, BUFFALO (ALYSON C. CULLITON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered March 26, 2018. The order, insofar as appealed from, denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order that, inter alia, denied his motion for summary judgment dismissing the complaint. We affirm. Plaintiffs were crossing a street outside of a crosswalk when defendant hit them with his car. Defendant did not meet his prima facie burden of establishing entitlement to judgment as a matter of law because his own motion papers raise a triable issue of fact whether he was negligent (see Pagels v Mullen, 167 AD3d 185, 188-189 [4th Dept 2018]). In support of his motion, defendant submitted the report of his expert, wherein the expert opined that defendant would have had only two seconds' warning between the time when he saw plaintiffs and the time when the collision occurred. A period of two seconds "is generally insufficient to raise a triable issue of fact with respect to a driver's failure to take evasive action" (Lupowitz v Fogarty, 295 AD2d 576, 576 [2d Dept 2002]). Defendant also submitted, however, the deposition testimony of one of the plaintiffs, who testified that he made eye contact with defendant right before crossing the street and that defendant's car was stopped at that time (cf. Singh v Reagan, 118 AD3d 1474, 1475 [4th Dept 2014]). We conclude that defendant's expert, in his report, did not assume the truth of the plaintiff's testimony in reaching his conclusion, and therefore, his opinion did not satisfy defendant's initial burden of eliminating all material issues of fact (see Perez v New York City Hous. Auth., 114 AD3d 586, 586 [1st Dept 2014]). Thus, there are issues of fact whether defendant was negligent — i.e., whether he saw what was there to be seen and had enough time to take evasive action to avoid the collision (see Spicola v Piracci, 2 AD3d 1368, 1369 [4th Dept 2003]; see generally Brenner v Dixon, 98 AD3d 1246, 1248 [4th Dept 2012]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court