■ DEYANIRA GOMEZ, Appellant, v HEMER H. RODRIGUEZ et al., Respondents, et al., Defendant. [818 NYS2d 579]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Hart, J.), dated June 14, 2005, as granted that branch of the motion of the defendants Hemer H. Rodriguez and Jackson Heights Florist, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Hemer H. Rodriguez and Jackson Heights Florist, Inc. (hereinafter JHF), demonstrated, prima facie, their entitlement to judgment as a matter of law through proof showing that, while stopped in traffic on Corona Avenue in Queens, the vehicle owned by JHF and driven by Rodriguez, its employee, was struck in the rear by the vehicle owned and operated by the defendant Albeiro Ospina because the brakes on Ospina's vehicle failed. The collision propelled the vehicle driven by Rodriguez into the rear of the vehicle in front of it, which was owned and operated by the plaintiff (*see Acampora v Davis,* 203 AD2d 399 [1994]). The proof adduced by the plaintiff, inter alia, in opposition to the motion by Rodriguez and JHF, which the plaintiff characterizes as a clarification of her deposition testimony, actually appeared to be an attempt to create a feigned issue of fact as to whether there were multiple impacts, the first of which was between Rodriguez's vehicle and the rear of the plaintiff's vehicle. We have consistently rejected feigned issues of fact created to defeat motions for summary judgment (*see Israel v Fairharbor Owners, Inc.,* 20 AD3d 392 [2005]; *Nieves v ISS Cleaning Servs. Group,* 284 AD2d 441 [2001]; *Koller v Leone,* 299 AD2d 396 [2002]; *Capraro v Staten Is. Univ. Hosp.,* 245 AD2d 256 [1997]; *Kistoo v City of New York,* 195 AD2d 403 [1993]; *Prunty v Keltie's Bum Steer,* 163 AD2d 595 [1990]). The plaintiff's proof failed to demonstrate the presence of a genuine issue of fact relating to the alleged liability of Rodriguez and JHF and, accordingly, the Supreme Court properly granted that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them. Ritter, J.P., Krausman, Lifson and Lunn, JJ., concur.