(November 7, 2007)

■ Farid Afghani, Appellant, v Metropolitan Suburban Bus Authority, Also Known as Metropolitan Transit Authority Long Island Bus Company, et al., Respondents. [845 NYS2d 131]—

In an action to recover damages for wrongful death and personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated July 7,

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law by providing sufficient evidence that the infant decedent darted out from behind parked vehicles, directly into the path of the defendants' vehicle, leaving the defendant driver unable to avoid contact (*see Sheppeard v Murci*, 306 AD2d 268, 269 [2003]). In opposition, the affidavit of Mahmood Afghani, the uncle of the infant decedent, sworn to almost five years after the accident, in which he indicated for the first time and contrary to the plaintiff's deposition testimony, that he had witnessed the subject accident, presented a feigned issue of fact as to whether the accident was proximately caused by the driver's negligence (*see Gomez v Rodriguez*, 31 AD3d 497, 498 [2006]). Moreover, under these circumstances, where the plaintiff failed to make some showing of negligence on the part of the defendants, the plaintiff was not entitled to invoke the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]; *Williams v Econ*, 221 AD2d 429 [1995]). Miller, J.P., Ritter, Santucci and Balkin, JJ., concur.