Doyle v Wieber (2021 NY Slip Op 03020)





Doyle v Wieber


2021 NY Slip Op 03020


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-05529
 (Index No. 542/16)

[*1]Andrea Doyle, appellant,
v
Richard T. Wieber, respondent.


Rosenberg, Minc, Falkoff & Wolff, LLP, New York, NY (Brooke Balterman of counsel), for appellant.
Leigh J. Katz, Garden City, NY (Anna-Lisa Bonventre of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered February 15, 2018. The order, insofar as appealed from, granted the defendant's renewed motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's renewed motion for summary judgment dismissing the complaint is denied.
On March 20, 2015, the plaintiff, who was walking across Roosevelt Avenue in Queens County, allegedly was injured when she was struck by the defendant's vehicle. The plaintiff thereafter commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied that motion with leave to renew upon completion of the defendant's deposition. Following the defendant's deposition, the defendant renewed his prior motion. In an order entered February 15, 2018, the court granted the defendant's renewed motion. The plaintiff appeals.
The defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the plaintiff darted out from between parked vehicles, away from a crosswalk and an intersection, and directly into the path of the defendant's vehicle, leaving the defendant unable to avoid contact with the plaintiff (see Perez v City of New York, 104 AD3d 661, 661-662; Jahangir v Logan Bus Co., Inc., 89 AD3d 1064). In opposition, the plaintiff raised an issue, inter alia, as to the defendant's credibility, and raised triable issues of fact as to the circumstances surrounding the accident, and whether the defendant contributed to the happening of the accident (see Gonzalez v County of Suffolk, 277 AD2d 350, 351). "The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (Kolivas v Kirchoff, 14 AD3d 493, 493).
Accordingly, the Supreme Court should have denied the defendant's renewed motion for summary judgment dismissing the complaint.
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court