Rosner v Srulovic (2022 NY Slip Op 00449)





Rosner v Srulovic


2022 NY Slip Op 00449


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-08140
 (Index No. 520073/17)

[*1]Sarah Rosner, etc., et al., appellants,
v
Sholom Srulovic, respondent.


Ross & Hill, Brooklyn, NY (James F. Ross and Julie P. Lee of counsel), for appellants.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka, Robert S. Whitbeck, and Andrea M. Alonso of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated May 22, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On May 18, 2017, the defendant was operating his vehicle in Brooklyn when his vehicle came into contact with the infant plaintiff. The infant plaintiff, by her mother, and her mother suing derivatively, commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, and the plaintiffs opposed the motion. In an order dated May 22, 2019, the Supreme Court granted the defendant's motion. The plaintiffs appeal.
The defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the infant plaintiff darted out from between parked vehicles, away from a crosswalk and an intersection, and directly into the path of the defendant's vehicle, leaving the defendant unable to avoid contact with her (see Doyle v Wieber, 194 AD3d 785, 786; Jahangir v Logan Bus Co., Inc., 89 AD3d 1064; Afghani v Metropolitan Suburban Bus Auth., 45 AD3d 511; Sheppeard v Murci, 306 AD2d 268, 269). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
BARROS, J.P., CONNOLLY, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court