Arango v Sandhaus (2022 NY Slip Op 01981)





Arango v Sandhaus


2022 NY Slip Op 01981


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-11470
 (Index No. 605301/16)

[*1]Byron Arango, appellant, 
v
Shmuel Doud Sandhaus, et al., respondents.


Nichols & Cane, LLP, Syosset, NY (Jamie Persky Mitchnick of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Nicholas P. Hurzeler and Eileen Budd of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered September 16, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On the morning of October 22, 2015, the plaintiff was struck by an ambulance operated by the defendant Shmuel Doud Sandhaus, and owned by the defendant Seniorcare Emergency Medical Services Inc., on Avenue M in Brooklyn. The plaintiff had double-parked his delivery truck behind a coworker's delivery truck, and was helping his coworker move wooden pallets that had fallen out of the coworker's truck. The plaintiff was maneuvering a jack stacked with pallets, when he walked backwards into the street from in between the two double-parked vehicles. The collision occurred within a second of the plaintiff becoming visible to Sandhaus.
The plaintiff commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that Sandhaus was not negligent and that the plaintiff's negligence was the sole proximate cause of the accident. The Supreme Court granted the motion. The plaintiff appeals.
The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff walked backwards into the street, from in between the two double-parked delivery trucks, away from a crosswalk or intersection, and into the path of the ambulance, leaving Sandhaus unable to avoid contact with the plaintiff (see Doyle v Wieber, 194 AD3d 785, 786; Rodriguez v Catalano, 96 AD3d 821, 822; Afghani v Metropolitan Suburban Bus Auth., 45 AD3d 511, 512; Sheppeard v Murci, 306 AD2d 268, 269). Contrary to the plaintiff's contention, he failed to present evidence in opposition that Sandhaus was operating the ambulance in a negligent manner (see Miller v Sisters of Order of St. Dominic, 262 AD2d 373, 374; Brown v City of New York, 237 AD2d 398, 398-399).
Accordingly, the Supreme Court properly granted the defendants' motion for [*2]summary judgment dismissing the complaint.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court