M.V. v Applied Behavioral Mental Health Counseling, P.C. (2023 NY Slip Op 04449)

M.V. v Applied Behavioral Mental Health Counseling, P.C.

2023 NY Slip Op 04449

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
LILLIAN WAN, JJ.

2022-02994
 (Index No. 508099/17)

[*1]M.., etc., et al., appellants, 
v
Applied Behavioral Mental Health Counseling, P.C., et al., defendants, Malky E. Felberbav, et al., respondents.

Bernstone & Grieco, LLP, New York, NY (Matthew A. Schroeder of counsel), for appellants.
The Law Firm of Connors & Connors, P.C., Staten Island, NY (Erik J. McKenna of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated March 10, 2022. The order denied the plaintiffs' motion pursuant to CPLR 5015(a)(1) to vacate so much of an order of the same court dated July 22, 2020, as granted the motion of defendants Malky E. Felberbav and Samuel J. Halpern for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order dated March 10, 2022, is affirmed, with costs.
The plaintiff M. V. (hereinafter the infant plaintiff), by his mother, and his mother suing derivatively, commenced this action against, among others, the defendants Malky E. Felberbav and Samuel J. Halpern (hereinafter together the defendants), inter alia, to recover damages for personal injuries allegedly sustained by the infant plaintiff when he was struck by a vehicle owned or operated by the defendants. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In support of the motion, they submitted, among other things, an affidavit from a passenger in the rear of the vehicle, who stated that the infant plaintiff entered the roadway from between two parked cars and immediately came into contact with the right side of the defendants' moving vehicle, just behind the rear passenger door. The plaintiffs submitted opposition papers to the Supreme Court but failed to appear on a scheduled conference call for argument on the defendants' motion. In an order dated July 22, 2020, the court, inter alia, granted the defendants' motion upon the plaintiffs' default. The plaintiffs then moved pursuant to CPLR [*2]5015(a)(1) to vacate so much of the order dated July 22, 2020, as granted the defendants' motion. In an order dated March 10, 2022, the court denied the plaintiffs' motion, concluding that the plaintiffs' default was not excusable. The plaintiffs appeal.
A party seeking to vacate a default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see id.; Garcia v City of New York, 189 AD3d 788, 788). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court (see Bank of N.Y. Mellon v Faragalla, 174 AD3d 677, 678; Mid-Hudson Props., Inc. v Klein, 167 AD3d 862, 864).
Here, the Supreme Court properly denied the plaintiffs' motion, albeit on a ground different from that stated by the court. The plaintiffs failed to demonstrate a potentially meritorious opposition to the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence establishing that the infant plaintiff entered the roadway from between parked cars and came into contact with the right, rear side of the vehicle, and thus, crossed the roadway in such a manner that the driver was unable to avoid contact with the infant plaintiff (see Arango v Sandhaus, 203 AD3d 1002; Yahya v Kahan, 136 AD3d 644, 645; Rodriguez v Catalano, 96 AD3d 821, 822). Contrary to the plaintiffs' contention, under these circumstances, the fact that a passenger saw the infant plaintiff from the rear seat of the vehicle does not create a triable issue of fact as to whether the driver operated the vehicle in a negligent manner. In support of their motion to vacate the subject portion of the order dated July 22, 2020, the plaintiffs did not submit any evidence that would raise a triable issue of fact in opposition to the defendants' prima facie showing of their entitlement to judgment as a matter of law.
The parties' remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied the plaintiffs' motion to vacate so much of the order dated July 22, 2020, as granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
BARROS, J.P., BRATHWAITE NELSON, MILLER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court